UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN L. LERCH,

        Plaintiff,

   v.                                         Case No. 17-C-654

CITY OF GREEN BAY,
BRENDA SEIDL,
KATHLEEN STADTHERR,
ROBERT CORMIER,
SCOTT NELSON, and
JASON SLADKY,

        Defendants.

## DECISION AND ORDER

Plaintiff, John L. Lerch, who is currently representing himself, filed this 42 U.S.C. § 1983 action against Defendants City of Green Bay, Brenda Seidl, Kathleen Stadtherr, Robert Cormier, Scott Nelson, and Jason Sladky. Lerch owns multiple real estate properties in Green Bay, Wisconsin and alleges that Defendants raze and condemn his properties in violation of his constitutional rights. This case is similar to Lerch's previous four lawsuits against the City, in which the court granted summary judgment in favor of the City and dismissed Lerch's claims.[1] Presently before the court is Defendants' motion for summary judgment. For the following reasons, Defendants' motion will be granted and the case dismissed.

---

[1] *See Lerch v. City of Green Bay*, No. 05-C-484, 2006 WL 1728104 (E.D. Wis. June 22, 2006), *aff'd* 218 F. App'x 502 (7th Cir. 2007); *Lerch v. City of Green Bay*, No. 06-C-454, 2007 WL 2751804 (E.D. Wis. Sept. 18, 2007), *aff'd* 271 F. App'x 528 (7th Cir. 2008); *Lerch v. City of Green Bay*, No. 08-C-1034, 2010 WL 2540964 (E.D. Wis. June 21, 2010), *aff'd* 406 F. App'x 46 (7th Cir. 2010); *Lerch v. City of Green Bay*, No. 13-C-1121 (E.D. Wis. Mar. 4, 2015).

## PRELIMINARY MATTERS

Before turning to the parties' substantive arguments, the court will address two preliminary matters. First, Lerch asserts that he would benefit from obtaining additional discovery from Defendants. Federal Rule of Civil Procedure 56(d) "allows the nonmoving party to submit an affidavit or declaration requesting the court to defer or deny judgment in order to allow for appropriate discovery to address matters raised by the motion." *Spierer v. Rossman*, 798 F.3d 502, 506–07 (7th Cir. 2015) (citing Fed. R. Civ. P. 56(d)). The party invoking Rule 56(d) must make a good faith showing that he cannot present sufficient facts to respond to the motion for summary judgment. *Waterloo Furniture Components, Ltd. v. Haworth, Inc.*, 467 F.3d 641, 648 (7th Cir. 2006). The purpose of Rule 56(d) is to "ensure that a diligent party is given a reasonable opportunity to prepare the case." 10B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2741 (4th ed.). "Requests for additional discovery must be specific and cannot be based only on speculation." *Trzeciak v. State Farm Fire & Cas. Co.*, 809 F. Supp. 2d 900, 905 (N.D. Ind. 2011).

Lerch claims that additional discovery is necessary because Defendants' answers to his interrogatories were deficient. Yet, Lerch's argument has been addressed by this court in its January 23, 2018 order denying Lerch's motion to compel. There, I found that Defendants sufficiently responded to Lerch's discovery requests and were not required to respond to those requests that were overly broad and unduly burdensome. ECF No. 19. Therefore, the court will not allow Lerch to conduct additional discovery.

Lerch also requests that the court enter default judgment against defendant Stadtherr because she failed to file an answer to the complaint. Lerch filed his complaint against the defendants on May

8, 2017. On May 30, 2017, Gunta Law Offices filed a notice of appearance on behalf of the City of Green Bay, Brenda Seidl, Robert Cormier, Scott Nelson, and Jason Sladky and filed an answer on their behalf. The City did not accept service on behalf of defendant Stadtherr because she was no longer employed by the City at the time the other named defendants were served. Lerch asserts he served Stadtherr on December 3, 2017. On January 3, 2017, Gunta Law Offices filed a notice of appearance on behalf of Stadtherr. On March 26, 2018, Lerch filed an "objection for a summary judgment for Kathleen Stadtherr," claiming that Stadtherr never answered the complaint. Defendants subsequently filed an amended answer to the complaint on April 19, 2018.

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, a defendant must serve an answer "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A). In this case, defendant Stadtherr did not file a timely answer to Lerch's complaint. Although the clerk must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise," Fed. R. Civ. P. 55(a), "a defendant who fails to answer within the time specified by the rules is in default even if that fact is not officially noted." 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2692 (4th ed.).

When a party applies for default judgment under Rule 55, "the district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered." *Id.* at § 2685. A plaintiff moving for default judgment "is not entitled to judgment as a matter of right, even where the defendant is technically in default." *Sawyer v. Columbia Coll.*, No. 09-C-6962, 2013 WL 587532, at *2 (N.D. Ill. Feb. 14, 2013) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). Although the Seventh Circuit "no longer disfavors default judgments, and does not require

3

the trial court to first impose less drastic sanctions, a default judgment should not be considered a ready response to all litigant misbehavior." *Stafford v. Mesnik*, 63 F.3d 1445, 1450 (7th Cir. 1995); *see also Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007) (noting that default judgment is a "weapon of last resort, appropriate only when a party wilfully disregards pending litigation"). In deciding whether to enter a default judgment, the court may consider whether there is a material issue of fact, whether the default is largely technical, whether the plaintiff has been substantially prejudiced by the delay involved, and "how harsh an effect a default judgment might have." 10A WRIGHT & MILLER, *supra* at § 2685.

Here, there is no question that defendant Stadtherr did not file her answer by the deadline established in Rule 12 of the Federal Rules of Civil Procedure. Although Defendants maintain that they asked that the court advise counsel of a date in which they should provide an amended answer relative to the claims against Stadtherr, the court is not required to remind Defendants of their legal obligations under the Federal Rules of Civil Procedure. But aside from filing the untimely amended answer, Defendants have otherwise diligently defended this case. Stadtherr's technical failure to file an answer has not prejudiced Lerch or delayed the litigation of this case. In addition, as explained in more detail below, Lerch has not submitted sufficient evidence to support a claim for relief against Defendants, and entering default judgment against Stadtherr would result in an injustice. Therefore, the court will not enter default judgment against defendant Stadtherr. The court will now turn to Defendants' motion for summary judgment.

## BACKGROUND

Defendants assert that their proposed findings of fact must be deemed admitted because Lerch did not respond to them in accordance with Civil L.R. 56 (E.D. Wis.). Since Lerch did not

4

respond to Defendants' proposed findings of fact and did not submit proposed findings of his own, the court will deem Defendants' statement of facts admitted for the purposes of summary judgment. *See Cichon v. Exelon Generation Co., L.L.C.*, 401 F.3d 803, 809–10 (7th Cir. 2005).

Lerch has owned property in Green Bay, Wisconsin for over thirty years, and has received various citations and complaints regarding his residential rental properties. Defs.' Proposed Findings of Fact ¶ 15, ECF No. 24. Lerch alleges that the City of Green Bay maliciously razed his properties at 1175 Crooks Street, 1168 Klaus Street, 313 St. George Street, and 518–520 South Ashland Avenue. Lerch claims that, in October 2013, the City obtained an inspection warrant for the Ashland Avenue property after receiving complaints regarding that property. After inspecting the property, the City subsequently issued Orders regarding the violations noticed during the inspection. In November 2013, the City conducted another inspection of the Ashland Avenue property and issued a condemnation order. Although Lerch filed a restraining order in Brown County Circuit Court, the court dismissed the restraining order and allowed the raze to go forward. Lerch did not appeal the Circuit Court's decision. *Id.* ¶¶ 36–40.

Lerch also claims the City improperly condemned his 720 North Broadway property. *Id.* ¶¶ 16–25. He alleges that the Green Bay Inspection Department issued an inspection warrant for the property but did not notify Lerch or his tenants of the inspection. After reviewing the inspection warrant and the affidavit in support, Lerch noticed the affidavit did not identify Lerch as the property owner. When the City presented the inspection warrant to the municipal judge, the judge crossed out the improper name and noted that Lerch was the true property owner. Lerch alleges that, on January 22, 2016, the City issued a second inspection warrant based solely on

5

speculation but admits that the municipal judge signed the warrant. *Id.* ¶¶ 32–35. The City subsequently condemned the property after concluding that its fire escapes were not up to code.

Lerch does not claim that the City had no basis for issuing the citations and condemnation orders. Instead, he asserts that the City's conduct violates his constitutional rights because it treats him differently than other property owners. He claims the City does not raze the property of other property owners who commit the same violations and gives them as much time as they need to make repairs. He also asserts that the condemnation of the properties violated his right to due process.

**LEGAL STANDARD**

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the burden of showing there are no facts to support the nonmoving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "Material" means that the factual dispute must be outcome-determinative under the law. *Contreras v. City of Chicago*, 119 F.3d 1286, 1291 (7th Cir. 1997). A "genuine" issue must have specific and sufficient evidence that, were a jury to believe it, would support a verdict in the non-moving party's favor. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the

existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

Lerch takes issue with the manner in which the City enforced its housing codes against him. The Seventh Circuit set forth the standard Lerch must meet to establish that Defendants violated his equal protection rights:

> Lerch argues that the defendants violated his equal protection rights by enforcing housing codes against him, and not, he says, against the owners of properties with similar code violations. It is difficult to succeed on a class-of-one equal protection theory; to prevail Lerch must show that the defendants intentionally treated him differently from others similarly situated, and that there is "no rational basis for the difference in treatment or the cause of the differential treatment is a totally illegitimate animus."

*Lerch v. City of Green Bay*, 271 F. App'x 528, 529–30 (7th Cir. 2008) (citations omitted).

As an initial matter, Lerch has failed to identify any property owners who are similarly situated to him and treated better. To support his claim, Lerch has submitted many of the same exhibits he filed in his previous cases, including a list of properties that were issued raze or repair orders by the City, newspaper clippings, inspection reports, and his own complaints to the City about buildings he believes require inspection and raze orders. Again, Lerch has not submitted any evidence that suggests these other properties were "prima facie identical in all relevant respects" to his properties. *Id.* He has not submitted any proof that the owners of the properties he cites "owned many rental properties containing multiple code violations, that their tenants had complained to the city, or that the other owners were not cited, much less that the same inspector made the decision in each case." *Lerch v. City of Green Bay*, 218 F. App'x 502, 504 (7th Cir. 2007) (citing *Maulding*

7

*Dev., LLC v. City of Springfield*, 453 F.3d 967, 971 (7th Cir. 2006)). In short, Lerch has not identified a similarly situated property owner that received more favorable treatment.

Lerch's failure to identify a comparator is not fatal to his claim, however. While the law on this point is unclear, see *Del Marcelle v. Brown County Corp.*, 680 F.3d 887 (7th Cir. 2012) (en banc), the Seventh Circuit has recognized that a class-of-one claim may survive dismissal if the plaintiff alleges a pattern of misconduct or acts of overt hostility that exclude any rational explanation for why local officials targeted him. *Geinosky v. City of Chicago*, 675 F.3d 743, 745–48 (7th Cir. 2012). To the extent Lerch believes Defendants treated him with malice and animosity, he has not shown that these "state actors lacked a rational basis for singling [him] out for intentionally discriminatory treatment." *Miller v. City of Monona*, 784 F.3d 1113, 1121 (7th Cir. 2015) (citation omitted). It is conceivable that Defendants had a rational basis for issuing citations and condemnation orders because Lerch's properties did not comply with the City's building codes. It was Lerch's burden to "eliminate any reasonably conceivable state of facts that could provide a rational basis for the classification." *D.B., ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013) (citations omitted). He has failed to do so. Accordingly, Defendants are entitled to summary judgment on his equal protection claim.

Next, Lerch summarily asserts that Defendants violated his right to due process. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). The undisputed facts show that Lerch received numerous condemnation and raze orders that explained the violations for each property, and he had the opportunity to repair the defects. In addition, Lerch was given the opportunity to appear in court

and challenge the issues with his properties. In short, Defendants did not deprive Lerch of his constitutional right to due process. *See Pierce v. Vill. of Divernon, Illinois*, 17 F.3d 1074, 1078–79 (7th Cir. 1994) (finding no due process violation in use of *ex parte* demolition order "in light of adequacy of notice and the lack of any response").

Finally, Lerch alleges that Defendants violated his rights under the Fourth and Eighth Amendments, though it is unclear what facts Lerch relies upon to support his claim. Lerch has not provided any evidence to establish a violation of his constitutional rights. Conclusory allegations and unsubstantiated assertions, without more, cannot overcome summary judgment. *See Drake v. Minn. Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998) (Rule 56 "demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted."). Therefore, Defendants are entitled to summary judgment on these claims.

## CONCLUSION

For these reasons, Defendants' motion for summary judgment (ECF No. 22) is **GRANTED** and the case is dismissed. The Clerk of Court is directed to enter judgment accordingly.

**SO ORDERED** this   29th   day of June, 2018.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court